IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:                                                                            BK 07-72142-CMS-13

DENISE L. EVANS

     DEBTOR.

## MEMORANDUM OF DECISION

### FINDING OF FACTS

This matter came before the Court on Regions' motion to dismiss the Chapter 13 bankruptcy case of Denise L. Evans pursuant to 11 U.S.C. § 521(i). When a party in interest files such a motion, the court must issue an order within five days. 11 U.S.C. § 521(i)(2). Therefore, the facts set out herein were compiled quickly and are in no way meant to be a complete, exhaustive summary of all the relevant facts in this case.

Mrs. Evans and her husband William (Bill) Evans have been or are involved in several businesses, including, Premier Properties, Inc. and Bill Evans Real Estate Company, Inc. Mrs. Evans is the president of both of these corporations. She has a law degree, but does not currently practice law.

Premier Properties, Inc. was the owner of a parcel of real estate in Chilton County, Alabama, which the parties referred to as the farm property. Mr. and Mrs. Evans are the owners of a house and approximately 33 acres in Tuscaloosa County, located on Lake Tuscaloosa, which is their residence. Regions Bank, as successor to AmSouth Bank, holds cross-collateralized mortgages on both parcels of real estate. Regions Bank set a foreclosure date on the Chilton County property for August 2, 2007, and a foreclosure date on the Tuscaloosa County property for August 6, 2007 (AP 08-70003, Doc. 20, Exhibit D).

August 2, 2007, the same day as the scheduled foreclosure sale of the Chilton County property, Denise Evans filed an individual Chapter 13 bankruptcy petition (BK 07-71296). This

1

filing was what is commonly referred to as a skeletal filing of a petition, in that the schedules and plan were not filed with the petition. Along with the petition was an application to pay the filing fees in installments. The Clerk's office notified Mrs. Evans attorney on August 3, 2007, of the deficiencies in filing, including the fact that no creditor matrix had been provided with the petition, nor had any employee income records been filed. (BK Doc. 7).

August 10, 2007, Mrs. Evans' attorney asked to be allowed to withdraw (BK Doc. 9) as attorney due to Mrs. Evans being "uncooperative and non-responsive" and asked to extend time for the debtor to file her schedules. August 13, 2007, the debtor filed her matrix setting out the list of creditors with their addresses. Mrs. Evans' Meeting of Creditors in the case was originally scheduled to be held on September 7, 2007; however, it was not held and was continued to September 14, 2007. (BK Docs. 12 and 16). September 10, 2007, the court entered an order granting counsel's request to withdraw as attorney and extending the time for the debtor to file her schedules to September 17, 2007. The Meeting of Creditors scheduled for September 14 was also not held and was continued to September 28, 2007 (BK Doc. 19).

September 17, 2007, the debtor, through new counsel, filed her schedules (BK Doc. 20), however, no plan was filed. On Schedule I, the debtor stated that she was self employed and employed by the University of Alabama College of Commerce. The debtor failed to file any payment advices from the University.

September 27, 2007, Mrs. Evans, through counsel, filed a motion (BK Doc. 23) requesting that her case be dismissed. Her testimony was that she asked the case to be dismissed due to the fact that she was in negotiations with Regions. Mrs. Evans did not attend the Meeting of Creditors set September 28, 2007. (BK Doc. 27). The Trustee then filed a Motion to Dismiss (BK Doc. 28) Mrs. Evans' case, due to her failing to appear at the Meeting of Creditors, failing to make the proposed plan payment, and failing to file a plan summary.

The filing of this bankruptcy petition had stopped the foreclosure sale of the Tuscaloosa County residence, but had not stopped the sale of the Chilton County farm property since it was not the property of Mrs. Evans. This Chilton County property was sold at the August 2, 2007,

foreclosure sale. Mrs. Evans' case was dismissed without confirmation on October 9, 2007 (BK Doc.32). Prior to the dismissal of this case Mrs. Evans had made no payments into the trustee's office and had not filed a proposed plan of reorganization.

November 30, 2007, Mrs. Evans filed this bankruptcy case (BK 07-72142). This petition was filed pro se. This petition was also a skeletal petition, but included the matrix of creditors, along with their addresses. Mrs. Evans again asked to be allowed to pay the filing fee in installments. However, this request was denied since she had failed to pay the filing fee in the previous case. On November 30, 2007, the clerk's office sent a notice to Mrs. Evans to show cause (BK Doc. 7) why the case should not be dismissed for failure to pay the filing fee and set the matter for hearing on December 13, 2007, at 9:00 a.m. The clerk's office also sent Mrs. Evans a Notice of Deficient Filing (BK Doc. 6) which listed, among other deficiencies, the need to file employee income records. Mrs. Evans failed to appear at the show cause hearing and failed to pay the filing fee. An order (BK Doc. 14) was entered December 17, 2007, dismissing the case. Mrs. Evans asked to set aside the dismissal on December 21, 2007 (BK Doc. 16) and that same date she filed a motion to extend the automatic stay (BK Doc. 17). The motion to set aside the dismissal was set for hearing on December 27, 2007 at 11:00 a.m. and an order was entered that same date granting the motion to set aside dismissal (BK Doc. 26). The debtor paid her filing fee on December 21, 2007 (BK Doc. 18).

When the case was reinstated, the Meeting of Creditors was rescheduled for January 25, 2008 (BK Doc. 27). However, the Meeting of Creditors was not held and was continued to February 22, 2008 when it was actually held (BK Docs. 48 and 68).

January 16, 2008, Mrs. Evans' new counsel appeared in the case and filed schedules (BK Doc. 41), which were filed 47 days after the petition was filed. He also filed a motion to extend the time to file a plan (BK Doc. 44). Mrs. Evans' was granted until February 15, 2008, to file a plan (BK Doc. 47). February 15, 2008, the debtor's plan was filed (BK Doc. 59). According to the Schedule I filed in the case and the debtor's subsequent testimony, the Debtor is employed by the University of Alabama. The Debtor did not file employee income records (BK Doc. 61), also known as payment advices, from the University until February 15, 2008, which was 77 days after the

3

petition was filed. Further, the only payment advice she filed was for the month of October, 2007.

Debtor proposed in her plan (BK Doc. 85) to pay $400.00 per month to the trustee's office over 60 months and stated that the total debt to be paid through the plan was approximately $400,000.00. She proposed that the indebtedness to the IRS, State of Alabama, and Premier Capital, would be paid direct to the creditors in order to avoid paying a trustee's commission on these disbursements. A review of Schedules I and J, debtor's income and expenses, shows that she made no allowance for these direct payments to any of these creditors.

Prior to the filing of this bankruptcy petition, Mrs. Evans, her husband William Evans, Bill Evans Real Estate, and Premier Properties, had filed suit against Regions for claims arising out of the foreclosure of the Chilton County property. Notice of Removal of said case to this court was filed by Regions Bank on January 9, 2008 (AP 08-70003). The debtor's plan proposed that no payments would be made on the claim of Regions until the adversary proceeding was completed and any recovery was offset against the claim of Regions.

Debtor's plan further proposed to offer for sale the Tuscaloosa County residence for $1,800,000.00, which would be sold when a purchaser is located. Debtor also proposed to sale her one half interest in an antique 1956 Chevrolet Nomad for a price not less than $40,000.00, which would be paid into the plan unless the residence was sold.

Prior to the filing of this bankruptcy petition, a lawsuit had been filed by Premier Self Storage, LLC (unrelated to Premier Capital or Premier Properties) for alleged fraud and misrepresentation by the debtor and other defendants arising out of the sale of a business prior to the bankruptcy petition. This creditor was not scheduled, but has now filed an appearance and has requested that it be allowed to proceed in state court to liquidate its claim (BK Doc. 93) and be allowed to participate in any distribution in this case. Mrs. Evans plan makes no provision for this creditor.

Testimony was heard in this case on May 13, 2008, June 4, 2008, and June 5, 2008. The primary issue was whether or not the case should be dismissed or converted to Chapter 7. Mrs Evans testified that her plan could be funded by the sale of the Tuscaloosa County property, book royalties,

4

seminar fees, and future commissions on sales of commercial properties. Mrs. Evans' plan also proposes that her husband, as a codebtor on any indebtedness, would be released by all creditors upon completion of her plan, except for the tax debt of the Internal Revenue Service. This was in spite of the prohibition of Section 524(e) of the Bankruptcy Code.

Mrs. Evans had not filed a personal income tax return from 2001 through 2006 and these tax returns were not filed until after the bankruptcy case was filed. The IRS objected to the plan proposal to pay the tax indebtedness direct and in her testimony Mrs. Evans agreed that she would pay the IRS through the plan. Amended claim #2 filed by the IRS totals $244,542.78. Claim #10 filed by the Alabama Department of Revenue totals $106,644.77. Schedule J does not reflect how these amounts will be paid over the next sixty months (approximately $5,900.00 per month) and in addition, Schedule J does not reflect that the debtor will devote any of her future income for the payments of any taxes she might owe for the next five years.

On June 5, 2008, Regions filed a Motion to Dismiss (BK Doc. 163) the case pursuant to 11 U.S.C. § 521(i) because Mrs. Evans did not file her employee income records, or payment advices, until February 15, 2008 (BK Doc. 61).

## **CONCLUSIONS OF LAW**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) added a provision to the Bankruptcy Code which creates an automatic dismissal of a case if certain documents and information are not filed within forty-five (45) days of the case being filed. Specifically, 11 U.S.C. § 521(i)(1) states:

> Subject to paragraph (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

The information required under 11 U.S.C. § 521(a)(1) is as follows:

> (A) a list of creditors; and
> (B) unless the court orders otherwise–
>     (i) a schedule of assets and liabilities;
>     (ii) a schedule of current income and current expenditures;
>     (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate–

5

(I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
(II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
(iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
(v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
(vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

The petition in this case was filed on November 30, 2007. The Debtor did not file her schedules until 47 days after the petition was filed and she did not file any type of payment advice until 77 days after the petition was filed.

The Bankruptcy Code further states:

Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court **shall** enter an order of dismissal not later than 5 days after such request.

11 U.S.C. § 521(i)(2) (emphasis added).

Paragraph (4) of section 521(i) states the following:

Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

11 U.S.C. § 521(i)(4).

Reading paragraphs (4) and (2) together, it could be argued that the trustee has five days to file a motion asking the court to decline dismissal of the case. It has been five days(excluding Saturday and Sunday) since Regions filed its Motion to Dismiss and the trustee has not filed such a motion seeking decline of the dismissal. Pursuant to paragraph (2), this court shall enter an order of dismissal not later than 5 days after Regions' Motion to Dismiss. Therefore, Regions' Motion to

6

Case 07-72142-CMS13   Doc 165   Filed 06/12/08   Entered 06/12/08 16:39:10   Desc
Main Document      Page 6 of 7

Dismiss filed pursuant to 11 U.S.C. § 521(i) is **GRANTED** and the court shall enter an Order of **DISMISSAL**.

An Order, consistent with these findings of fact and conclusions of law pursuant to Fed. R. Bank. P. 7052, will be entered separately.

**DONE and ORDERED** this June 12, 2008.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

7

Case 07-72142-CMS13   Doc 165   Filed 06/12/08   Entered 06/12/08 16:39:10   Desc
Main Document     Page 7 of 7